# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| KATRINA DE LA ROSA, <br><br> Plaintiff, <br><br> v. <br><br> U.S. FOODS, INC. and MIKE MARTIN, <br><br> Defendants. | Case No.: EDCV 18-00987-CJC(SHKx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Katrina De La Rosa filed this action against Defendants U.S. Foods, Inc. ("U.S. Foods") and Mike Martin in Riverside County Superior Court on March 5, 2018. (Dkt. No. 1-1 Ex. 1 ["Compl."].) Plaintiff is a resident of California and a former

-1-

employee of U.S. Foods who worked as a customer service representative for approximately 11 years. (*Id*. ¶¶ 3, 13.) Plaintiff alleges that Defendant U.S. Foods is a Delaware corporation, (*id*. ¶ 4), and Defendant Martin is a resident of California, (*id*. ¶ 5). Plaintiff, an African American woman over the age of 40, alleges that she suffered discrimination on the basis of her race and age while she was employed by U.S. Foods. (*Id*. ¶¶ 14–15.) Based on Defendants' alleged conduct, Plaintiff brings sixteen state law causes of action. (*See generally id*.)

On May 7, 2018, Defendants removed the action to this Court, invoking diversity jurisdiction. (Dkt. 1 [Notice of Removal].) According to the Notice of Removal, U.S. Foods is a Delaware corporation with its principal place of business in Illinois. (*Id*. at 3.) Defendants concede that Martin is a citizen of California, but contend that his citizenship should not be considered for purposes of jurisdiction because he has been fraudulently joined. (*Id*. at 4.) On May 31, 2018, Plaintiff filed a motion to remand, arguing that Martin has not been fraudulently joined. (Dkt. 16.) For the following reasons, Plaintiff's motion is GRANTED.[1]

## II. ANALYSIS

A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for July 9, 2018, at 1:30 p.m. is hereby vacated and off calendar.

as to the right of removal in the first instance."). A federal court may assert diversity jurisdiction over cases that are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332.

Although diversity jurisdiction requires complete diversity of citizenship, "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044.

Defendants have not carried their burden of showing that Plaintiff obviously fails to state a cause of action against Martin. Plaintiff brings three claims against Martin: (1) harassment in violation of California's Fair Employment and Housing Act ("FEHA"), (2) intentional infliction of emotional distress, and (3) negligent infliction of emotional distress. (*See generally* Compl.)[2] In support of these causes of action, Plaintiff alleges that U.S. Foods "encouraged and ratified a systematic culture that was offensively charged and hostile to African-American employees and employees aged 40 years old and older." (*Id.* ¶ 15.) For example, sometime in 2016, Plaintiff allegedly asked Martin for a salary increase. (*Id.* ¶ 17.) Martin allegedly responded by telling Plaintiff that "if she was not happy with her pay, she could leave and go work at another company that

---

[2] Plaintiff also brought claims for race discrimination and age discrimination in violation of FEHA against both Defendants. But Plaintiff has abandoned the claims as they are asserted against Martin and represents that she intends to pursue those claims only against U.S. Foods. (*See* Mot. at 8.)

-3-

would 'take her kind.'" (*Id.*) Plaintiff alleges that Martin's statement was "a direct reference to her race." (*Id.*) Plaintiff also alleges that while she was wrongfully terminated for purportedly taking an extended rest break, Martin "regularly permitted other non-African-American employees to routinely take extended rest breaks without any adverse consequences." (*Id.* ¶¶ 18–19.)

Defendants fail to show that there is no possibility that FEHA might impose liability on Martin for harassment. Under FEHA, is it unlawful "[f]or an employer . . . or any other person, because of race, . . . to harass an employee." Cal. Gov't Code § 12940(j)(1). Harassment in the workplace consists of "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 409 (1994) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). Harassing conduct takes place "outside the scope of necessary job performance," and is "presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). "[H]arassment focuses on situations in which the *social environment* of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009). Personnel-related decisions involving discipline, performance evaluations, compensation, or job assignments do not inherently constitute unlawful harassment. *Reno*, 18 Cal. 4th at 646-47. But "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message. This occurs when the actions establish a widespread pattern of bias." *Roby*, 47 Cal. 4th at 709.

//

//

Plaintiff's allegations demonstrate that there is a possibility that Plaintiff can state a claim against Martin for harassment. Plaintiff alleges that the culture at U.S. Foods communicated an "offensively charged and hostile" message to African American employees. To demonstrate an environment of hostility, Plaintiff alleges that Martin told her she could leave and work for a company that would "take her kind," and that Martin denied her extended breaks while regularly permitting non-African American employees to take extended breaks. While these actions as alleged appear to be taken in the context of personnel-related decisions, they could also have the "secondary effect of communicating a hostile message." *Id*.

Defendants contend that Plaintiff nevertheless cannot prevail on her harassment claim against Martin because it is barred by the managerial privilege. (Dkt. 21 at 12.) However, Defendants have not carried their burden of showing that the harassment claim against Martin is obviously barred by managerial immunity. Under California law, the managerial privilege shields a managerial employee from liability when the employee acts to further the interests of his or her employer. *See Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 326 (9th Cir. 1982). Plaintiff can possibly defeat the managerial privilege bar for two reasons. First, while the managerial privilege can properly be invoked in contractual disputes, *see id*., it is unclear whether the privilege can apply in the context of a harassment claim. *See, e.g., E.E.O.C. v. Interstate Hotels, L.L.C.*, No. C 04-04092 WHA, 2005 WL 885604, at *2 (N.D. Cal. Apr. 14, 2005) (managerial privilege does not apply to insulate defendant from harassment and discrimination claims); *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1180 (N.D. Cal. 2003) ("It is certainly questionable whether a managerial privilege could be asserted" against a claim for intentional infliction of emotional distress."). Second, whether the privilege applies "is thoroughly fact intensive," and Defendants have failed to convince the Court that a state

court will find that the privilege applies under the facts of this case. *See Calero*, 271 F. Supp. 2d at 1180.[3]

## III. CONCLUSION

For the foregoing reasons, and in light of the presumption against removal jurisdiction, *see Gaus*, 980 F.2d at 566, the Court finds that Martin was not fraudulently joined in this action and diversity jurisdiction was not present at the time of removal. Plaintiff's motion to remand is **GRANTED**.[4]

DATED: June 29, 2018

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[3] Because the Court finds that Plaintiff can possibly state a claim for harassment against Martin, the Court declines to consider whether Plaintiff can possible state a claim for intentional infliction of emotional distress and negligent infliction of emotional distress.

[4] Defendants argue that Plaintiff's motion should be denied for failure to meet and confer prior to filing the motion, as required by Local Rule 7-3. The Court declines to deny the motion for violation of Local Rule 7-3.